1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                             EASTERN DISTRICT OF CALIFORNIA

10

11   JASON P. SHURNAS, HORIZON                    No.  2:15-cv-00908-MCE-KJN
     COMPANIES, LLC, and HORIZON
12   FINANCIAL, LLC,

13                 Plaintiffs,                     **MEMORANDUM AND ORDER**

14          v.

15   JAN LYNN OWEN, in her official
     capacity as Commissioner of the
16   CALIFORNIA DEPARTMENT OF
     BUSINESS OVERSIGHT (formerly
17   STATE OF CALIFORNIA
     DEPARTMENT OF CORPORATIONS)
18   and THE STATE OF CALIFORNIA,

19                 Defendants.

20

21          Plaintiffs Jason P. Shurnas, Horizon Companies, LLC, and Horizon Financial, LLC

22   (collectively, "Plaintiffs") allege that Defendants Jan Lynn Owen and the State of

23   California (collectively, "Defendants") violated Plaintiffs' rights under the United States

24   Constitution, California Constitution, and California's Public Records Act.  Pending

25   before the Court is Defendants' Motion to Dismiss.  ECF No. 6.  Plaintiffs filed an

26   Opposition (ECF No. 20), and Defendants filed a Reply (ECF No. 21).  For the reasons

27   that follow, Defendants' Motion to Dismiss is GRANTED.

28   ///

                                              1

1

2

**BACKGROUND**

3   The California Corporations Commissioner ("Commissioner") issued a "Desist and

4   Refrain Order" ("the Order") to Plaintiffs on December 30, 2008.  The Order alleged that

5   Plaintiffs had violated California Corporations Code sections 25100 and 25401 and

6   Financial Code section 22100.  According to the Order, Plaintiffs advertised on a

7   Sacramento-area Craigslist website that an unnamed "private company" was soliciting

8   investors with at least $100,000 available in liquid funds to form a "secret investor

9   syndicate."  That syndicate purportedly offered membership interests in a Las Vegas

10  casino and real estate venture.  The Order states that Plaintiff Shurnas placed a

11  telephone call to a California resident who responded to the aforementioned Craigslist

12  posting; in the course of their conversation, Plaintiff discussed details regarding how the

13  resident's contribution would be invested.

14  Based on the above factual findings, the Commissioner determined that the

15  membership interests that Plaintiffs had offered were securities subject to qualification

16  under the California Corporate Securities Law of 1968 and were being offered without

17  being qualified, in violation of section 25110 of the Corporate Securities Law of 1968.

18  The Commissioner further found that those securities included untrue statements of

19  material fact or omitted to state material facts necessary in order to make the statements

20  made not misleading, in violation of section 25401 of the Corporate Securities Law of

21  1968.  Finally, according to the Commissioner, Plaintiffs engaged in business as a

22  finance lender or broker without first obtaining a license in violation of California

23  Financial Code section 22100.

24  In their Complaint, Plaintiffs allege that they were not properly served with the

25  Commissioner's Order.  They also contend that the documents Defendants intended to

26  serve failed to include any language regarding how to file a request for hearing or the

27  timeline for doing so.  According to Plaintiffs, the State of California does not provide

28  such information on-line.  Plaintiffs further allege that there is no provision within the

2

1    California Corporations Code or Financial Code which mandates what information must

2    accompany a Desist and Refrain Order so that an individual would know how to respond

3    or the consequences for failing to do so.

4        Plaintiffs' Complaint includes four causes of action:  (1) violation of procedural due

5    process (U.S. Const. amend. XIV, § 1); (2) violation of free speech (U.S. Const. amend. I

6    § 1); (3) violation of procedural due process under the California Constitution (Cal.

7    Const. art. I, § 7(a)); and (4) violation of the Public Records Act of California (Cal. Gov't

8    Code §§ 6250-6276.48).  Plaintiffs seek declaratory, injunctive, and monetary relief.

9        In the pending Motion to Dismiss, Defendants argue that Plaintiffs' first three

10   causes of action are untimely under the applicable statutes of limitation.  Defendants

11   further argue that the Court should decline to exercise its supplemental jurisdiction over

12   Plaintiffs' remaining claim based on the California Public Records Act.

13

14                               **STANDARD**

15

16       On a motion to dismiss for failure to state a claim under Federal Rule of Civil

17   Procedure 12(b)(6), all allegations of material fact must be accepted as true and

18   construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins.

19   Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain

20   statement of the claim showing that the pleader is entitled to relief' in order to 'give the

21   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

22   Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

23   47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require

24   detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of

25   his entitlement to relief requires more than labels and conclusions, and a formulaic

26   recitation of the elements of a cause of action will not do."  Id. (internal citations and

27   quotations omitted).  A court is not required to accept as true a "legal conclusion

28   couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

1    Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief

2    above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright &

3    Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the

4    pleading must contain something more than "a statement of facts that merely creates a

5    suspicion [of] a legally cognizable right of action")).

6          Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket

7    assertion, of entitlement to relief."  Id. at 555 n.3 (internal citations and quotations

8    omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how

9    a claimant could satisfy the requirements of providing not only 'fair notice' of the nature

10   of the claim, but also 'grounds' on which the claim rests."  Id. (citing Wright & Miller,

11   supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to relief

12   that is plausible on its face."  Id. at 570.  If the "plaintiffs . . . have not nudged their claims

13   across the line from conceivable to plausible, their complaint must be dismissed."  Id.

14   However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that

15   actual proof of those facts is improbable, and 'that a recovery is very remote and

16   unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

17         A court granting a motion to dismiss a complaint must then decide whether to

18   grant leave to amend.  Leave to amend should be "freely given" where there is no

19   "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

20   to the opposing party by virtue of allowance of the amendment, [or] futility of the

21   amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

22   Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

23   be considered when deciding whether to grant leave to amend).  Not all of these factors

24   merit equal weight. Rather, "the consideration of prejudice to the opposing party . . .

25   carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

26   185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that

27   "the complaint could not be saved by any amendment."  Intri-Plex Techs., Inc. v. Crest

28   Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d

4

1   1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th

2   Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . .

3   constitutes an exercise in futility. . . .")).

4

5                                    **ANALYSIS**

6

7        **A.    DOCUMENTS BEYOND THE PLEADINGS**

8        Defendants support their Motion with a request that the Court take judicial notice

9   of Exhibits 1 and 2 to the Declaration of Miranda LeKander, Senior Counsel in the

10  Enforcement Division at the California Department of Business Oversight.  Req. for

11  Judicial Notice ("RJN"), ECF No. 6-2.  Exhibit 1 is an email from Plaintiff Shurnas to

12  LeKander, and Exhibit 2 is a response to that email signed and sent by LeKander to

13  Plaintiff Shurnas.  Defendants argue that the Court may take judicial notice of those

14  documents under Federal Rule of Evidence 201 because the fact that Shurnas sent the

15  August 14, 2012 email cannot reasonably be questioned, and because the contents of

16  these exhibits are contained in the certified records of the California Department of

17  Business Oversight.

18        "The court may judicially notice a fact that is not subject to reasonable dispute

19  because it . . . can be accurately and readily determined from sources whose accuracy

20  cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Evidence that "a purported

21  public record or statement is from the office where items of this kind are kept" is

22  sufficient to authenticate a public record.  Fed. R. Evid. 901(b)(7)(B).  "A copy of an

23  official record [is self-authenticating] . . . if the copy is certified as correct by the

24  custodian or another person authorized to make the certification."  Fed. R. Evid.

25  902(4)(A).  Exhibits 1 and 2 meet the above-listed requirements, as they are

26  incorporated into the public record.  Therefore, the Court takes judicial notice of

27  Defendants' Exhibits 1 and 2.

28  ///

1

### B.  Plaintiffs' 42 U.S.C. § 1983 Claims

2      Plaintiffs allege that the Order violates their First Amendment and Procedural Due

3 Process rights as guaranteed by the United States Constitution.  Plaintiffs further allege

4 that California Corporations Code section 2500 and Financial Code section 2200 et seq.

5 fail to provide adequate post-deprivation remedies in accordance with the requirements

6 of the Procedural Due Process clause.  Plaintiffs consequently seek injunctive relief

7 through 42 U.S.C. § 1983.

8               ### 1.  Statute of Limitations

9      Defendants argue that Plaintiffs' § 1983 claims must be dismissed as untimely.

10 "The applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 is

11 the forum state's statute of limitations for personal injury actions."  Carpinteria Valley

12 Farms, Ltd. v. Cty. of Santa Barbara, 344 F.3d 822, 828 (9th Cir. 2003) (citing Knox v.

13 Davis, 260 F.3d 1009, 1012 (9th Cir. 2001)).  The relevant statute of limitations is

14 therefore two years.  See Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004) (citing

15 Cal. Civ. Proc. Code § 335.1); see also Jones v. Blanas 393 F.3d 918, 927 (9th Cir.

16 2004) ("[A] § 1983 action filed in California today would clearly be governed by

17 California's new two-year statute of limitations for personal injury actions . . .").

18 Furthermore, "[a]lthough California law determines the length of the limitations period,

19 federal law determines when a civil rights claim accrues."  Lukovsky v. City & Cty. of

20 S.F., 535 F.3d 1044, 1048 (9th Cir. 2008).  "Under federal law, a claim accrues 'when

21 the plaintiff knows or has reason to know of the injury which is the basis of the action.'"

22 Id. (quoting TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999)).

23      Defendants contend that Plaintiff Shurnas "admitted knowledge of the Order in an

24 email to the [Department] dated August 14, 2012, showing that he knew of the Order

25 and the injury it purportedly caused him."  Defs.' Mot., ECF No. 6, at 6-7; Defs.' RJN,

26 ECF No. 6-2, Ex. 1.  Therefore, Plaintiffs' § 1983 claims accrued no later than August 14,

27 2012.  Because Plaintiff did not file his Complaint until April 27, 2015—more than eight

28 ///

1  months after the expiration of the two-year limitations period—his § 1983 claims are
2  untimely.

3      Accordingly, the statute of limitations bars Plaintiffs' First Amendment and Due
4  Process challenges to the Order itself.  Plaintiffs' as-applied constitutional challenges to
5  the Order brought under § 1983 are consequently DISMISSED without leave to amend.

6          **2.    Facial Procedural Due Process Challenges**

7      Defendants recognize that "in dicta, the Ninth Circuit has expressed doubts
8  regarding the application of the statute of limitations to facial challenges to a statute."
9  Pls.' Reply, ECF No. 21, at 4 (citing <u>Maldonado</u>, 370 F.3d at 955).  Defendants argue the
10  Court must nevertheless dismiss Plaintiffs' due process challenge to California
11  Corporations Code section 2553(f) and California Financial Code section 22712 because
12  the post-deprivation remedies available under California law to challenge a desist and
13  refrain order issued under those statutes satisfy the demands of due process under both
14  state and federal law.

15      Because both California Corporations Code section 2553(f) and California
16  Financial Code section 22712 invoke the California Administrative Procedure Act,
17  Plaintiffs' challenge to the adequacy of these post-deprivation remedies "amounts to an
18  attack of California's administrative review procedures as a whole."  <u>Baffert v. Cal. Horse</u>
19  <u>Racing Bd.</u>, 332 F.3d 613, 619 (9th Cir. 2003).  However, the Ninth Circuit has held that
20  California law offers an adequate opportunity for judicial review of administrative orders.
21  <u>Id.</u> at 619-20.  Therefore, Plaintiffs' conclusory allegations fail to state a plausible facial
22  procedural due process claim.  <u>See</u> <u>Kenneally v. Lungren</u>, 967 F.2d 329, 332-33 (9th
23  Cir. 1992) (holding that California offers an adequate opportunity for judicial review of
24  administrative orders).  However, Defendants have not demonstrated that amendment
25  would necessarily be futile.  Accordingly, Plaintiffs are granted leave to amend their
26  claims challenging the facial constitutionality of California Corporations Code section
27  2553(f) and California Financial Code section 22712.
28  ///

7

1

### C.      Plaintiffs' Claims Under the California Constitution

2

Plaintiffs also argue that Defendants violated Plaintiffs' freedom of speech and

3

due process rights under the California Constitution.

4

The same two-year limitations period applicable to federal claims under § 1983

5

applies to Plaintiffs' claims under the California Constitution.   Acuna v. Regents of Univ.

6

of Cal., 56 Cal. App. 4th 639, 646 (1997).  As stated above Plaintiffs' as-applied free

7

speech and due process challenges are time barred under the applicable two-year

8

limitations period.  Because Plaintiffs did not file their Complaint until after the expiration

9

of that two-year limitations period, Plaintiffs' challenges to the Order under the California

10

Constitution's Free Speech and Due Process provisions are DISMISSED without leave

11

to amend.

12

### D.      Plaintiffs' Claims Under The California Public Records Act

13

Plaintiffs allege that Defendants' failure to make requested documents available

14

for inspection violates Plaintiffs' rights under the California Public Records Request Act,

15

Cal. Gov't Code §§ 6250-6276.48.  See Compl., ECF No. 1, at 23-24.  Plaintiffs seek a

16

declaration that "[t]he Department of Business Oversight violated the California Public

17

Records Act . . . by providing blanket objections, and/or not following timelines to

18

produce documents, and/or failing to produce relevant and unprotected documents."  Id.

19

at 25.

20

"[A] federal suit against state officials on the basis of state law contravenes the

21

Eleventh Amendment . . . ." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89,

22

117 (1984).  "A claim that state officials violated state law in carrying out their official

23

responsibilities is a claim against the State and is protected by the Eleventh Amendment

24

. . . this principle applies as well to state-law claims brought into federal court under

25

pendent jurisdiction."  Id. at 121.  Although 28 U.S.C. § 1367(a) provides for

26

supplemental jurisdiction over state-law claims, "§ 1367(a)'s grant of jurisdiction does not

27

extend to claims against nonconsenting state defendants."  Raygor v. Regents of Univ.

28

of Minn., 534 U.S. 533, 542 (2002).

1    Plaintiffs seek a declaration that Defendants violated the California Public

2    Records Act and names the State of California as the party against whom relief is

3    sought.  If granted, this Court would be directing a state agency to comply with state

4    law—a result that violates the Eleventh Amendment.  See Pennhurst State, 465 U.S. at

5    117.  Thus, Plaintiffs' Public Records Act claim is DISMISSED, without leave to amend,

6    for lack of subject matter jurisdiction.

7

8                                    **CONCLUSION**

9

10    Defendants' Motion to Dismiss (ECF No. 6) is GRANTED as follows:

11    1.  Plaintiffs' § 1983 claims based upon the Order, claims under the California

12    Constitution, and claims under the Public Records Act are DISMISSED without leave to

13    amend.

14    2.  Plaintiffs' facial due process claim under § 1983 claim is DISMISSED with

15    leave to amend.

16    Plaintiffs are granted fourteen (14) days from the date this Order is electronically

17    filed to file an amended complaint addressing the deficiencies in the single claim for

18    which Plaintiffs have been granted leave to amend.  Plaintiffs are warned that this action

19    may be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) if they fail

20    to file an amended complaint within the prescribed time period.

21    IT IS SO ORDERED.

22    Dated:  February 16, 2016

23

24

25    _____

26    MORRISON C. ENGLAND, JR, CHIEF JUDGE
      UNITED STATES DISTRICT COURT

27

28

                                       9