1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  JASON P. SHURNAS; HORIZON COMPANIES, LLC; and HORIZON 12  FINANCIAL, LLC, | No. 2:15-cv-00908-MCE-DB |
| 13              Plaintiffs, | **MEMORANDUM AND ORDER** |
| 14       v. | |
| 15  JAN LYNN OWEN, in her official capacity as Commissioner of the 16  CALIFORNIA DEPARTMENT OF BUSINESS OVERSIGHT (formerly 17  STATE OF CALIFORNIA DEPARTMENT OF CORPORATIONS) 18  and THE STATE OF CALIFORNIA, | |
| 19              Defendants. | |

20

21          Plaintiffs Jason P. Shurnas; Horizon Companies, LLC; and Horizon Financial, LLC

22   allege that Defendants Jan Lynn Owen and the State of California violated Plaintiffs'

23   rights under the United States Constitution and California Constitution.  Pending before

24   the Court is Defendants' Motion to Dismiss the First Amended Complaint ("FAC").  ECF

25   No. 29.  For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED

26   with prejudice.

27   ///

28   ///

                                         1

1

2

**BACKGROUND**[1]

3      The California Corporations Commissioner issued a "Desist and Refrain Order" to

4  Plaintiffs on December 30, 2008.  The Order alleged that Plaintiffs had violated

5  California Corporations Code §§ 25100 and 25401 and California Financial Code

6  § 22100.  According to the Order, Plaintiffs advertised on the Sacramento-area Craigslist

7  website that an unnamed "private company" was soliciting investors with at least

8  $100,000 available in liquid funds to form a "secret investor syndicate."  That syndicate

9  purportedly offered membership interests in a Las Vegas casino and real estate venture.

10  The Order states that Plaintiff Shurnas placed a telephone call to a California resident

11  who responded to the Craigslist posting.  In the course of their conversation, Plaintiff

12  discussed details regarding how the resident's contribution would be invested.

13      Based on these factual findings, the Commissioner determined that the

14  membership interests that Plaintiffs had offered were securities subject to qualification

15  under the California Corporate Securities Law of 1968, that those securities were offered

16  without qualification, and thus Plaintiffs were in violation of § 25110 of that statute.

17  Finally, according to the Commissioner, Plaintiffs engaged in business as a finance

18  lender or broker without first obtaining a license in violation of California Financial Code

19  § 22100.

20      In their FAC, Plaintiffs allege that they were not properly served with the

21  Commissioner's Order.  They also contend that the documents Defendants intended to

22  serve failed to include any language regarding how to file a request for hearing or the

23  timeline for doing so.  According to Plaintiffs, the State of California does not provide

24  such information online.  Plaintiffs further allege that there is no provision within the

25  California Corporations Code or Financial Code which mandates what information must

26  ///

27  _____

28       [1] Unless otherwise noted, the allegations in this section are drawn directly, and in some cases verbatim, from the allegations of Plaintiffs' FAC.

2

1    accompany a Desist and Refrain Order so that an individual would know how to respond

2    or the consequences for failing to do so.

3        Plaintiffs' original Complaint, ECF No. 1, included four causes of action:  a facial

4    due process claim under § 1983, as well as three claims based on the specific Order

5    issued against Plaintiffs.  Defendants brought a Motion to Dismiss the claims under

6    Rule 12(b)(6), ECF No. 6, which was granted.  This Court held that the three claims

7    based on the Order itself were time-barred, and thus were dismissed without leave to

8    amend.  See Mem. & Order, ECF No. 26.  On the other hand, the Court held the facial

9    due process claim was not time-barred, but nonetheless, Plaintiff failed to state a claim.

10   See id. at 7.  Plaintiff was given leave to amend, and that Amended Complaint is now

11   before the Court.

12

13                              **STANDARD**

14

15       On a motion to dismiss for failure to state a claim under Federal Rule of Civil

16   Procedure 12(b)(6), all allegations of material fact must be accepted as true and

17   construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins.

18   Co., 80 F.3d 336, 337–38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain

19   statement of the claim showing that the pleader is entitled to relief' in order to 'give the

20   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

21   Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

22   47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require

23   detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of

24   his entitlement to relief requires more than labels and conclusions, and a formulaic

25   recitation of the elements of a cause of action will not do."  Id.  (citation omitted).  A court

26   is not required to accept as true a "legal conclusion couched as a factual allegation."

27   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

28   "Factual allegations must be enough to raise a right to relief above the speculative level."

                                    3

1    Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal

2    Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain

3    something more than "a statement of facts that merely creates a suspicion [of] a legally

4    cognizable right of action")).

5         Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket

6    assertion, of entitlement to relief." Id. at 555 n.3 (citation omitted).  Thus, "[w]ithout some

7    factual allegation in the complaint, it is hard to see how a claimant could satisfy the

8    requirements of providing not only 'fair notice' of the nature of the claim, but also

9    'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94–95).  A

10   pleading must contain "only enough facts to state a claim to relief that is plausible on its

11   face." Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from

12   conceivable to plausible, their complaint must be dismissed." Id.  However, "[a] well-

13   pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those

14   facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting

15   Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

16        A court granting a motion to dismiss a complaint must then decide whether to

17   grant leave to amend.  Leave to amend should be "freely given" where there is no

18   "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

19   to the opposing party by virtue of allowance of the amendment, [or] futility of the

20   amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

21   Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

22   be considered when deciding whether to grant leave to amend).  Not all of these factors

23   merit equal weight.  Rather, "the consideration of prejudice to the opposing

24   party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton,

25   833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it

26   is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v.

27   Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc.,

28   411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149,

1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

**ANALYSIS**

"[A] generally applicable statute is not facially invalid unless the statute 'can <u>never</u> be applied in a constitutional manner.'" <u>United States v. Kaczynski</u>, 551 F.3d 1120, 1125 (9th Cir. 2009).  Defendants argue that Plaintiffs have not alleged sufficient facts to make plausible their claim that California Corporations Code § 25532 is unconstitutional under all circumstances.  Specifically, Defendants argue that the California Administrative Procedures Act ("California APA") applies to § 25532, making Plaintiffs' claim effectively "an attack of California's administrative review procedures as a whole." Defs.' Mem. of P & A in Supp. of Mot. to Dismiss ("Defs.' MTD"), ECF No. 29-1, at 8 (quoting <u>Baffert v. Cal. Horse Racing Bd.</u>, 332 F.3d 613, 619 (9th Cir. 2003)).  Because "the Ninth Circuit has held that California law offers an adequate opportunity for judicial review of administrative order," Defendants continue, Plaintiffs' facial challenge cannot succeed.  <u>Id.</u> (citing <u>Baffert</u>, 332 F.3d at 619–20).

Conversely, Plaintiffs argue that the three-part balancing test of <u>Mathews v. Eldridge</u>, 424 U.S. 319 (1976), supports their claim that § 25532 is facially unconstitutional.  That balancing test weighs the interests of the individual and the value of additional procedures against the costs of implementing additional procedures.  <u>See</u> <u>id.</u> at 335.  Specifically, Plaintiffs argue that orders issued under § 25532 act as a "lifetime sentence" that are unreviewable by any court.  Pls.' Opp'n to MTD at 5. Furthermore, Plaintiffs argue that additional notice requirements and access to judicial review of the facts underlying a § 25532 order would be of minimal cost to the government, but of enormous value to an individual subject to a § 25532 order.  <u>Id.</u> at 13–14.

///

5

1    Contrary to Plaintiffs' assertions, § 25532 orders are subject to review, both in

2    administrative hearings and in judicial proceedings.  Section 25532 provides that after an

3    order has been issued by the Commissioner, "the order shall be deemed a final order of

4    the commissioner" unless the subject of the order "file[s] a written request for hearing

5    within 30 days from the date of service of the order."  Cal. Corp. Code § 25532(f).  That

6    hearing is to "be held in accordance with provisions of the [California] Administrative

7    Procedure Act," id., which also provides opportunity for judicial review of that hearing in

8    California courts, see Cal. Gov. Code § 11523.  Furthermore, if no hearing is held within

9    15 days of the filing of a request for a hearing, "the order is rescinded."  Id.  Accordingly,

10   Plaintiffs are incorrect in asserting that there is no mechanism to have an order

11   reviewed.  And because Plaintiffs ignore the fact that an order issued under § 25532 is

12   reviewable under the California APA, they fail to allege any deficiency in the California

13   APA's procedures that would render them unconstitutional under all circumstances.

14   Plaintiffs are also incorrect in asserting that a § 25532 functions as a "lifetime

15   sentence" with "no mechanism whatsoever for having an uncontested Order reviewed."

16   See Pls.' Opp'n to MTD at 8 (emphasis removed).  Orders issued under § 25532 operate

17   only until the unqualified securities that prompted the order are qualified under California

18   law or until the person acting in an unlicensed capacity is "appropriately licensed."  Cal.

19   Corp. Code. § 25532(a)–(b).  Thus, even when an order issued under § 25532 becomes

20   final, procedures are available to rescind the order.

21   Plaintiffs' FAC does little more than reiterate the same arguments the Court

22   already rejected when dismissing the original Complaint.  The gravamen of Plaintiffs'

23   allegations is that because they were not properly served with the Commissioner's

24   Order, they were unable to challenge the Order in an administrative or judicial hearing.

25   This amounts to an as-applied challenge, which this Court already ruled is time-barred

26   due to Plaintiffs waiting over two years from when they received actual notice of the

27   Order to file their Complaint.  Mem. & Order at 6–7.  Plaintiffs have alleged no facts that

28   would support a claim that § 25532 "can never be applied in a constitutional manner,"

1   <u>Kaczynski</u>, 551 F.3d at 1125 (9th Cir. 2009), and have therefore failed to state a claim.

2   Furthermore, because Plaintiffs have already been given leave to amend, and

3   allegations in their FAC are substantially the same as those in their original Complaint, it

4   has become apparent that further leave to amend would be futile.

5

6                                     **CONCLUSION**

7

8          For the reasons provided above, Defendants' Motion to Dismiss is GRANTED.[2]

9   ECF No. 29.  Because it has become apparent that further leave to amend would be

10  futile, the dismissal is with prejudice.  The Clerk of Court is directed to close the file.

11         IT IS SO ORDERED.

12  Dated:  November 10, 2016

13

14                                          MORRISON C. ENGLAND, JR.
                                            UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27  _____

28        [2] Because oral argument would not have been of material assistance, the Court ordered this
    matter submitted on the briefs in accordance with Local Rule 230(g).

                                           7